NO. 07-01-0192-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 17, 2002

_____

TRAKEITH DUANE MCINTOSH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 13,605-B; HONORABLE JOHN BOARD, JUDGE

_____

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

In two issues, appellant Trakeith Duane McIntosh challenges his conviction, after a guilty plea, of burglary of a habitation and the resulting punishment, enhanced because of two prior felony and nine prior misdemeanor convictions, of 30 years confinement in the Texas Department of Criminal Justice, Institutional Division.[1]  In those issues, appellant

_____

[1]Although the trial court's judgment recites that the "terms of [the] plea agreement" were for 30 years confinement, in their appellate briefs, the parties agree that the plea was "open" and was not made pursuant to an agreement.

asks us to determine if he received the reasonably effective assistance of trial counsel when counsel failed to 1) seek discovery, 2) object to evidence of a conviction which was not final, and 3) object to inadmissible evidence. Finding the answers to those issues do not reveal reversible error, we affirm the judgment of the trial court.

The standard by which we review the effectiveness of trial counsel is that explicated in the seminal case of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by our Court of Criminal Appeals in *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). In order to show that trial counsel was ineffective, a claimant must establish two elements; namely, 1) counsel's performance was deficient, and 2) the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687.

The first element is met by showing that trial counsel made errors so significant that he was not functioning as the counsel guaranteed by the Sixth Amendment to the Federal Constitution. *Id.* The second element necessitates a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, *i.e.*, a trial whose result is reliable. *Id.* A claimant must show that but for counsel's errors, the result of the proceeding would have been different. *Id.* In conducting its review, an appellate court must bear in mind that there is a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id*. at 690. The defendant must establish that counsel's errors, judged by the totality of his representation and not from isolated instances of error or by only a portion of the trial, were sufficient to deny him a fair trial. *Id.* at 695.

2

Each of appellant's issues arise from the admission into evidence of his prior conviction for aggravated assault. At the plea hearing, the State introduced several judgments showing prior convictions of appellant. The State's first exhibit showed a conviction for an aggravated assault that occurred in February 1998. Appellant testified that he did not plead guilty to that offense, but was found guilty by a jury in May 2000, and was assessed seven years imprisonment. That judgment was received into evidence without objection and defense counsel did not point out that it was the subject of a pending appeal.

Appellant now argues that trial counsel was not reasonably effective because he failed to request "discovery" pursuant to article 37.07 of the Code of Criminal Procedure. Section 3(a) of that article provides, in relevant part, that the trial court may permit either party to present evidence of:

> any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant . . . and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act . . . .

Subsection (g) additionally provides that if requested by the defendant, evidence of crimes or bad acts which have not resulted in a final conviction may not be presented by the State unless it has given notice of intent to present such evidence.

3

The gist of appellant's challenge here is that the failure of trial counsel to require the State to give notice of its intent to introduce the evidence of extraneous bad acts prejudiced appellant's defense. In particular, appellant's argument is directed at the admission of his previous conviction for aggravated assault. However, there is nothing in the record that shows that trial counsel was unaware of this conviction. Moreover, the notice provisions of section 3(g) would simply add a procedural predicate to the admission of that conviction. For us to find that the failure to require that procedural predicate prejudiced appellant's defense would require us to speculate that the State would not, or could not, satisfy that procedural requirement. This we cannot do. Appellant's first issue is overruled.

In his second and third issues, appellant argues a conviction that is not final because it is on appeal is not an admissible extraneous "crime or bad act" within the purview of section 3(a) of article 37.07. Because the aggravated assault conviction was on appeal at the time of the instant trial, appellant posits that trial counsel was ineffective because he failed to object to the admission of that evidence. As authority for that proposition, he cites *Taylor v. State*, 911 S.W.2d 906 (Tex.App.--Fort Worth 1995, pet ref'd). However, examination of that opinion reveals that it was concerned with an earlier version of article 37.07, which limited evidence at the punishment hearing to a defendant's "prior criminal record" and general reputation. *Id*. at 908-09. The statute went on to define "prior criminal record" as limited to final convictions. *Id*. at 908. However, the current version of section 3(g) specifically allows the introduction of an "extraneous crime . . . that

4

has not resulted in a final conviction . . . ."  Appellant's aggravated assault conviction clearly falls within that permissive area.  Appellant's second and third issues are overruled.

In sum, all appellant's issues are overruled and the judgment of the trial court is affirmed.


John T. Boyd
Chief Justice

Do not publish.